IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 05, 2014

**IN RE JEWEL M.**

**Appeal from the Juvenile Court for Montgomery County**
**No. CNRC062453     Kenneth R. Goble, Judge**

_____

**No. M2012-02625-COA-R3-JV - Filed September 10, 2014**

_____

Father of Child filed a petition seeking parenting time with Child when she was four years old.  Mother sought retroactive child support from Father dating back to Child's birth.  The trial court entered an order stating that the child support arrearage would be measured from the date Father filed his petition.  The permanent parenting plan order that was entered the same day, however, was inconsistent and indicated that the arrearage would be measured from the date of Child's birth.  Father appealed, arguing that the order measuring the child support arrearage from the date of the petition should control.  The record contains no transcript or statement of the evidence, and we cannot determine which order contains the correct date.  We vacate the portion of the trial court's judgments relating to Father's child support arrearage and remand the case back to the trial court for further proceedings.  Should the court determine the child support arrearage should date back to the filing of the petition rather than to Child's birth, the court will have an opportunity to make findings supporting such a deviation from the child support guidelines, as required by the applicable statutes and guidelines.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court**
**Vacated in Part and Remanded**

ANDY D. BENNETT, J., delivered the opinion of the court, in which RICHARD H. DINKINS, and W. NEAL MCBRAYER, JJ., joined.

B. Nathan Hunt and S. Allison Winters, Clarksville, Tennessee, for the appellant, James T.M.

Gregory D. Smith, Clarksville, Tennessee, for the appellee, Tina M.R.

OPINION

The parties in this case are James T.M. ("Father") and Tina M.R. ("Mother"), who are the parents of Jewel M. Father filed a petition in November 2009, when Jewel was four years old, to establish his paternity and set a schedule for him to spend time with his child. The trial court scheduled the case for trial in February 2010 and awarded Father pendente lite parenting time with Jewel in the meantime. The trial date was continued numerous times for reasons that are not apparent in the record. In April 2011, Mother filed a motion for child support. She stated in her motion that Father had provided child support sporadically since Jewel's birth. Mother asked the court to determine Father's child support obligation and to order him to pay retroactive support going back to the date of Jewel's birth.

Following additional continuances, the court held a hearing on September 29, 2011, and entered an Order for Retroactive Child Support. The court found that Father waived any objection to Mother's request for retroactive child support dating back to the date of Jewel's birth because he failed to file a timely objection. The court reserved the issue of calculating the full amount of retroactive child support until November 11, 2011, when the final hearing on child support was scheduled to take place.

The hearing scheduled for November 11 was continued until December 22, 2011. The trial court entered an order on October 25, 2012, in which it named Mother the primary residential parent and set forth a visitation schedule for Father to spend time with Jewel throughout the year. With respect to Father's child support arrearage, the court wrote:

> **IT IS FURTHER ORDERED** that the previous Order from this Court determining the amount of arrearage dating back to the birth of the child is reversed and the Court orders today that arrearage shall date back to the filing of the original petition. That an additional $50.00 a month is ordered in addition to the child support determination until the arrearage is satisfied. If there is documented support then credit will be given towards the arrearage.[1]

The trial court signed a permanent parenting plan order on the same day, October 25, 2012, that is inconsistent with its order. In the section titled "Child Support," there is a subsection called "Retroactive Support," which provides:

A judgment is hereby awarded in the amount of $39,735.00 to mother against

---

[1]The parties agree that the "original petition" the court referenced in its Order refers to Father's petition filed in November 2009, in which he sought to establish paternity and set up a visitation schedule.

the child support payor representing retroactive support . . . dating from July 2005 which shall be paid (including pre/post judgment interest) at the rate of $50.00 per month until the judgment is paid in full. That father has a $3,050.00 credit making the judgment amount $36,685.00.

On November 5, 2012, Father filed a Motion to Reconsider or in the Alternative, Application for Appeal to Circuit Court. Then, before the trial court could rule on his motion, Father filed a notice of appeal with this Court on November 20, 2012. On appeal, Father argues the permanent parenting plan order dated October 25, 2012, is inconsistent with the final order, also dated October 25, 2012, and that the final order should be the determinative document. Father also contends the amount of retroactive support awarded in the permanent parenting plan order is incorrect.

As a general rule, our review of the trial court's decision is de novo upon the record, accompanied by a presumption of correctness of the trial court's findings of fact, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Armbrister v. Armbrister*, 414 S.W.3d 685, 692 (Tenn. 2013); *Rigsby v. Edmonds*, 395 S.W.3d 728, 734 (Tenn. Ct. App. 2012). We review a trial court's conclusions of law de novo, according them no presumption of correctness. *Armbrister*, 414 S.W.3d at 692; *Rigsby*, 395 S.W.3d at 734. The problem we have here, however, is that the record does not contain any findings of fact, a transcript of the hearing held on December 22 (or any other date), or a statement of the evidence.

When the identity of a child's father is at issue and becomes established, the court is directed to enter an order determining child support, among other issues. Tenn. Code Ann. § 36-2-311(a)(11). The court is to consider the Child Support Guidelines in setting the amount of retroactive child support that is owed. Tenn. Code Ann. §§ 36-2-311(a)(11)(A), 36-5-101(e)(1)(A) (2011). According to the guidelines, a judgment for retroactive support "must be entered to include an amount of monthly support due up to the date that an order for current support is entered from the date of the child's birth" unless the rebuttal provisions set forth in Tenn. Code Ann. §§ 36-2-311(a)(11) or 36-5-101(e) have been established by clear and convincing evidence. TENN. COMP. R. & REGS. 1240-2-4-.06(1)(a) (2008). Both the guidelines and the statutes require a court to make written findings supporting a deviation from the presumption that a judgment for retroactive child support shall be awarded back to the date of the child's birth. Tenn. Code Ann. § 36-2-311(a)(11)(B), (F); Tenn. Code Ann. § 36-5-101(e)(1)(D); TENN. COMP. R. & REGS. 1240-2-4-.06(2).

The trial court's order indicating that the child support arrearage "shall date back to the filing of the original petition" constitutes a deviation from the statutory and regulatory guidelines, requiring written findings. *See* TENN. COMP. R. & REGS. 1240-2-4-.06(2)(a)-(c)

(identification of factors court must include in written findings to support deviation from presumption that arrearage should be calculated from date of child's birth). Without a transcript or findings of fact, we cannot know whether the trial court meant to enter a judgment for retroactive support dating back to Jewel's birth or dating back to the date Father filed his petition.

The only way to reconcile the inconsistent orders in this case is to remand the case back to the trial court for further proceedings. If the court determines that Father owes retroactive child support dating back to Jewel's birth, the court will have the opportunity to enter another order making that clear. On the other hand, if the court determines that the evidence is clear and convincing that a deviation from the guidelines is appropriate in this case, the court will have an opportunity to make written findings supporting that outcome, as set forth in the statutes and the guidelines. *See In re T.K.Y.*, 205 S.W.3d 343, 355 (Tenn. 2006) (general discussion of retroactive child support statute and guidelines).

The portions of the trial court's judgments addressing Father's child support arrearage are vacated and remanded for further proceedings consistent with this opinion. Costs of this appeal shall be split between the appellant, James T.M., and the appellee, Tina M.R., for which execution shall issue, if necessary.

_____
ANDY D. BENNETT, JUDGE